[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this mortgage foreclosure action, the plaintiff mortgagee alleges that on November 27, 1972, the defendants executed a promissory note to pay to the order of American Savings and Loan Association, Inc. (the name of which bank was changed to the plaintiff), the sum of $40,900.00, with interest in monthly installments. The plaintiff also alleges that the defendant, Katherine G. Ivimey, by deed of November 27, 1972, to secure the above note, mortgaged to the plaintiff's predecessor in name, real estate on the north side of Kasson Road in Bethlehem, Connecticut and alleges further that the installments of principal and interest due on November 27, 1984 and each and every month thereafter have not been paid, and that the bank has exercised the option to declare the entire balance due on the note due and payable, and that the defendant, Katherine G. Ivimey, is CT Page 234 the owner of record of the premises and in possession thereof. The plaintiff is claiming foreclosure by sale and attorneys' fees and costs as provided by statute.
The defendants deny that the installment of principal and interest due on November 27, 1984, and each and every month thereafter, have not been paid, and further deny that the bank has exercised its option to declare the entire balance on the note due and payable. The defendants admit that Katherine G. Ivimey is the owner of record of the land described in the alleged mortgage deed and is in possession of the premises.
In their first special defense, the defendants claim that the court lacks jurisdiction because they were not lawfully served with the summons and complaint. The remaining special defenses and the counterclaim were stricken from the case by the court as being res judicata.
After reviewing the oral evidence and exhibits presented at trial, and giving due regard to the credibility of the witnesses, the court finds that the plaintiff has proved the following facts by a fair preponderance of the evidence:
1. On November 27, 1972, the defendants duly executed the note referred to in the complaint, and the defendant, Katherine G. Ivimey, mortgaged the property described in the complaint to the plaintiff's name-predecessor.
2. The plaintiff is the owner of the note and mortgage, as was its name-predecessor prior to a change of name recorded September 2, 1982.
3. The installment of principal and interest due on November 27, 1984, and each and every month thereafter has not been paid, and the bank has exercised its option declare the entire balance due on the note due and payable.
4. Any money paid by the defendants in March 1985 was returned because it was a partial payment, and because there was a hold on-the account, meaning the plaintiff would not be able to process payment. CT Page 235 (Testimony of Mr. Lompert).
5. The promissory note provided as follows:
 In the event of default in the payment of any of said monthly installments . . . , for a period of thirty (30) days after any of the same become due and payable, . . ., then the whole of this note shall immediately, at the option of the holder hereof, become due and payable.
(Plaintiff's Exhibit 2.)
6. On March 29, 1985, the plaintiff notified the defendant, Katherine Ivimey, by certified mail, sent the home of the defendants, that the mortgage account was delinquent for the months of November and December, 1984, and for January, February and March, 1985, and that it must be brought up to date no later than April 15, 1985, and that if it were not, the account would be referred to the plaintiff's attorney for legal action. This certified mail letter also stated that "in the interim, no single or partial payments will be accepted." (Defendants' Exhibit 6). Both defendants received this letter (Testimony of John Ivimey).
7. On April 26, 1985, the defendant, John Ivimey, attempted to make a payment of an amount less than the amount necessary to bring the account up to date, but the plaintiff did not process the payment because of a hold on the account.
8. The defendants have made no payments on this account since the attempted payment on April 26, 1985, except for two payments made from the Bankruptcy Court in August 1986, after this foreclosure action was started. These two payments were required under a plan approved by the Bankruptcy Court in a Chapter 13 filing by the defendant, Katherine Ivimey. The plan required that current mortgage payments be made. This Chapter 13 filing was then dismissed. In 1990 Katherine Ivimey again filed under Chapter 13, this also was dismissed. CT Page 236
9. The option to accelerate the mortgage debt, which option was contained in the note, was validly and effectively exercised by the institution of this foreclosure action in October, 1985. See Hartford Federal Savings Loan Assn. v. Tucker, 196 Conn. 172, 180
(1985).
10. The fair market value of the property is $143,500.00.
11. The debt due to the plaintiff from the defendants is $40,046.16 which represents a balance due of $24,373.44 plus interest of $15,672.72, to December 9, 1993, plus per diem interest from December 9, 1993 of $4.91. The defendants should be credited with $173.58 for a tax escrow.
The court concludes with respect to the special defense of lack of jurisdiction that the defendants were properly served at their abode, and that they received actual notice of this suit; the fact that the serving sheriff opened an unlocked door and left the writ of summons and the complaint on a table inside the house does not vitiate that service.
Judgment of foreclosure by sale may enter. In accordance with a provision in the none, a reasonable attorney's fee is awarded in the amount of $10,000.00. An appraisal fee of $750.00 is awarded, along with a title search fee of $150.00.
The defendants' motion for dismissal filed after both sides rested is denied, because, for reasons apparent in this memorandum of decision, the plaintiff made out a prima facie case.
Date of sale is set for twelve noon on Saturday, March 19, 1994, on the premises, by public auction. Committee is not to incur any out of pocket expenses until the appeal period has run, and the committee is authorized to obtain a $100,000/300,000 liability insurance policy for the date of the sale. A sign should be posted on the premises by thirty days prior to sale date, and defendants are ordered not to tamper with that CT Page 237 sign under penalty of contempt of court. Committee must advertise in the Waterbury Republican on the two Sundays immediately prior to the sale, and in the weekly edition of the Litchfield County Times the second and third weeks prior to the sale. The Committee and interested persons authorized by the Committee, including, but not limited to, the court ordered appraiser, are to have reasonable access to the inside of the house prior to sale. Walter Kloss is appointed as appraiser, and his appraisal is to be returned by March 4, 1994. A deposit is required from successful bidder in the amount of $14,350.00 unless plaintiff is successful bidder, in which case deposit is to be $7,175.00. Deposit must be by bank or certified check and must be shown to Committee prior to opening of bidding. The deposit must be tendered to the Committee as soon as the bidding ends.
RICHARD A. WALSH, J.